IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS B. KNIGHT,

        Petitioner,

        v.

ERIN REYES,

        Respondent.

Case No. 2:23-cv-01085-SI

OPINION AND ORDER

Dennis Bruce Knight
12995704
Two Rivers Correctional Institution
82911 Beach Access Road
Umatilla, Oregon 97882-9419

    Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Clackamas County Judgment dated June 15, 2017. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#57) is denied.

## BACKGROUND

In February 2014, the Clackamas County Grand Jury indicted Petitioner on three counts of Sodomy in the First Degree, two counts of Rape in the First Degree, one count of Sexual Abuse in the First Degree, one count of Unlawful Sexual Penetration in the First Degree, and one count of Encouraging Child Sexual Abuse in the Second Degree for crimes he allegedly committed against his children. Respondent's Exhibit 103. Petitioner waived his right to a jury trial and proceeded to a bench trial where the judge found him guilty on all counts. At his sentencing hearing, the judge sentenced Petitioner to 750 months in prison. Trial Transcript, pp. 1069-78.

Petitioner took a direct appeal where, with the assistance of counsel, he raised three assignments of error. He claimed that the trial court erred when it: (1) admitted a digital photograph into evidence in violation of Oregon law; (2) denied a motion for judgment of acquittal regarding whether Petitioner's conduct met the statutory requirements of Encouraging Child Sexual Abuse as set forth in ORS 163.686; and (3) entered a judgment ordering Petitioner to pay a mandatory state amount of $107 for each conviction. Respondent's Exhibit 104. Petitioner then filed a *pro se* supplemental brief in which he alleged that the trial court erred when it: (1) failed to dismiss the State's superseding indictment; and (2) allowed expert testimony without first conducting a hearing. The State conceded the issue regarding the $107 fine, and the Oregon Court of Appeals issued a *per curiam* decision allowing relief on that claim but rejecting all other claims without

discussion. Respondent's exhibit 112. The Oregon Supreme Court denied review. Respondent's Exhibit 115.

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where, after filing his *pro se* PCR Petition, the PCR court appointed counsel to represent him. Before counsel could file an amended petition, Petitioner filed a *Church* motion complaining that counsel was refusing to raise his desired claims.[1] Respondent's Exhibit 118. The PCR court denied the motion as premature on the basis that counsel had not yet amended the *pro se* PCR Petition. Respondent's Exhibit 119.

PCR counsel ultimately filed Petitioner's Amended PCR Petition alleging several ineffective assistance of counsel claims. Respondent's Exhibit 120. Following a hearing, the PCR court denied relief on all claims. Respondent's Exhibit 139. Petitioner appealed, and the parties filed a joint motion to remand the case to the PCR court because it should have issued a merits ruling on the *Church* Motion. Respondent's Exhibit 141. The Oregon Court of Appeals granted the motion, the case was remanded to the PCR court, the PCR judge denied the *Church* motion finding that counsel had acted reasonably, and the PCR court entered an updated judgment. Respondent's Exhibit 145.

---

[1] In *Church v. Gladden*, 244 Or. 308, 311-21, 417 P.2d 993 (1966), the Oregon Supreme Court held that where a litigant wishes to pursue claims that his attorney refuses to pursue, he must inform the court of an attorney's failure to follow a legitimate request. The litigant may ask to have counsel replaced, or he may request that the court require the attorney to comply with the litigant's request to add specific claims. The question a *Church* motion presents to a PCR court is "whether the petitioner has established that, in choosing which grounds for relief to raise, counsel has failed to exercise reasonable professional skill and judgment." *Bogle v. State,* 363 Or. 455, 471 (2018).

3 – OPINION AND ORDER

Petitioner filed a second PCR appeal. When his attorney could not find any meritorious claims to present, counsel filed a *Balfour* brief on Petitioner's behalf.[2] After counsel filed Section A of the brief, Petitioner filed his *pro se* Section B in which he raised four assignments of error. Three of those assignments of error were unpreserved for appellate review because they had not been raised in the PCR court. The fourth assignment of error alleged that the PCR court erred when it denied Petitioner's *Church* motion. Respondent's Exhibit 146, p. 32. The Oregon Court of Appeals affirmed the PCR court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 148-150.

On July 25, 2023, Petitioner filed this 28 U.S.C. § 2254 habeas corpus case in which he raises 62 grounds for relief. Respondent asks the Court to deny relief on the Amended Petition because: (1) Petitioner did not fairly present any of his claims to Oregon's state courts, leaving them procedurally defaulted and ineligible for federal habeas corpus review; and (2) several of the claims Petitioner raises are not cognizable in a habeas corpus case.

## DISCUSSION

### I. Exhaustion and Procedural Default Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state

---

[2] The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues for appeal. *State v. Balfour*, 311 Or. 434, 449, 814 P.2d 1069 (1991). Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." *Id.* at 451. The petitioner may then file the Section B segment of the brief containing any assignments of error he wishes. *Id* at 452.

courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Although Petitioner raises 62 grounds for relief in this case, he only raised four assignments of error during his direct appeal in state court (not including the claim pertaining to the $107 fine upon which he prevailed) and four assignments of error during his PCR appeal. The Court looks to those eight claims to determine which, if any, Petitioner fairly presented in Oregon's state courts so as to properly preserve them for federal habeas corpus review.

## II. **Direct Appeal Claims**

In Petitioner's counseled Appellant's Brief on direct appeal, he claimed that the trial court erred when it admitted a photograph into evidence and also when it denied a motion for judgment

5 – OPINION AND ORDER

of acquittal.[3] These claims are not contained within the Amended Petition for Writ of Habeas Corpus, thus they are not properly before the court for its consideration. *See* Rule 2(c), Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (requiring each habeas petition to "specify all the grounds for relief which are available to the petitioner"); *Greene v. Henry*, 302 F.3d 1067, 1070 fn 3 (9th Cir. 2002) (a court need not consider claims not raised in the petition). Even if Petitioner had adequately pled these claims, not only did the counseled Appellant's Brief not purport to present the Oregon Court of Appeals with any federal issues, but it also cited exclusively to state law authority. *See* Respondent's Exhibit 104. In this respect, the claims his attorney presented on his behalf in state court are not cognizable in this federal habeas corpus case. *See* 28 U.S.C. § 2254(a) (limiting habeas cases to violations of federal law).

In his Supplemental *Pro Se* Appellant's Brief, Petitioner presented two additional assignments of error for the Oregon Court of Appeals' consideration. First, he alleged that the trial court violated his federal due process rights when it failed to dismiss the State's superseding indictment. Respondent's Exhibit 105. This claim corresponds to Ground One of the Amended Petition wherein Petitioner alleges that he suffered a due process violation when the prosecutor "procured superseding indictment without leave of the court on a non-defective indictment in violation of state Constitution." Amended Petition (#57), p. 6. He alerted the Oregon Court of Appeals that he preserved this claim when he made a motion for a new trial based upon the

---

[3] Although exhaustion rules required Petitioner to fairly present his claims to the Oregon Supreme Court, this Opinion focuses on the issues Petitioner presented to the Oregon Court of Appeals because claims are not properly raised in the Oregon Supreme Court if they were not first properly raised in the Oregon Court of Appeals. *See* O.R.A.P. 9.20(2) (Oregon Supreme Court review limited to questions that were properly before the Oregon Court of Appeals); *State v. Link*, 367 Or. 625, 638, 482 P.3d 28 (2021) (en banc) (only claims which were properly before the Oregon Court of Appeals are eligible for review by the Oregon Supreme Court). In addition, Petitioner relied upon his briefing he filed with the Oregon Court of Appeals to advance his arguments in the Oregon Supreme Court. *See* Respondent's Exhibit 113, p. 15; Respondent's Exhibit 114, p. 12.

6 – OPINION AND ORDER

allegedly erroneous superseding indictment, but the trial court denied the motion. *See* Respondent's Exhibit 105, p. 6.

While Petitioner did file a motion to dismiss the superseding indictment, he withdrew the motion shortly before his trial started. Trial Transcript, pp. 43-44. As a result, there was nothing to appeal. [4] Accordingly, he failed to present the claim to the Oregon Court of Appeals in a context in which the merits could actually be considered. *See State v. Wyatt,* 331 Or. 335, 343, 15 P.3d 22 (2000) (to preserve an issue for appellate review in Oregon, the party must make a trial-level objection "that is specific enough to endure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error"); *see also Wainright v. Sykes*, 433 U.S. 72, 88-90 (1977) (recognizing the importance of honoring state contemporaneous objection rules in federal habeas corpus proceedings).

The second claim contained within Petitioner's Supplemental *Pro Se* Appellant's Brief stated, "The Court erred when the trial court ruled to enter expert testimony without a 104 hearing of unsuppo[r]ted evidence." Respondent's Exhibit 105, p. 6. The only claim Petitioner makes in this federal habeas corpus case involving the lack of a "104 hearing" is Ground 32, which does not raise a trial court error and, instead, alleges that he was the victim of ineffective assistance of trial counsel when his defense attorney failed to "schedule a timely OEC 401, 701, 702, and 104 (hearing(s)." Amended Petition (#57). The claim is therefore not properly before the Court for a merits ruling. *See* Rule 2(c), Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254.

---

[4] Petitioner also verbally complained about the superseding indictment after the judge had already sentenced him. Trial Transcript, pp. 1083-95. Not only did Petitioner fail to raise a federal challenge to the superseding indictment at that time, but his attempt to challenge the charging instrument after his sentencing was also untimely. Accordingly, he did not preserve a valid challenge to his superseding indictment as a claim for appellate review in state court.

Even assuming Petitioner had properly pled his claim of trial court error regarding the "104 hearing," the arguments in his Supplemental *Pro Se* Appellant's Brief did not support such a claim. Instead, he argued that: (1) there was a lack of evidence to support his conviction; (2) the prosecutor improperly induced false testimony, maliciously filed a superseding indictment, knowingly presented false evidence, made improper comments on the evidence and engaged in improper vouching. He included citations to federal law, but none of them related to the trial court's ruling on the admission of expert testimony. Respondent's Exhibit 105, p. 7. It is difficult to discern exactly the nature of his actual claim from the contents of his Supplemental *Pro Se* Appellant's Brief. Part of this confusion stems from Petitioner's failure to identify for the Oregon Court of Appeals the trial court ruling he was asking it to review, something Oregon law required him to do. *See* ORAP 5.45(2) (requiring each assignment of error to reference pages of the record); ORAP 5.45(3) (requiring each assignment of error to "identify precisely the . . . ruling that is being challenged"). His failure to comply with these procedural requirements rendered his assignment of error unreviewable during his direct appeal, thus he failed to satisfy the fair presentation requirement.

For all of these reasons, Petitioner did not present his assignments of error to the Oregon Court of Appeals in a procedural context in which the merits could be considered. Because the time for presenting any of Petitioner's direct appeal claims passed long ago, they are now procedurally defaulted and ineligible for federal habeas corpus review. As a result, Petitioner has no direct appeal claims that he can litigate in this habeas corpus case.

### III.  PCR Claims

As recounted in the Background of this Opinion, when Petitioner's appointed PCR appellate attorney could not find any arguable issues to present to the Oregon Court of Appeals,

he filed a *Balfour* brief which permitted Petitioner to raise any claims he wished. Petitioner raised four assignments of error:

> 1.  The trial court erred in allowing a second superseding indictment without leave of the Court;
>
> 2.  The PCR court erred in allowing a wrongfully arrested citizen to be tried in court;
>
> 3.  The PCR court erred in ruling on Petitioner's case with a question of jurisdiction awaiting a ruling by the appellate court; and
>
> 4.  The PCR court erred in not including additional claims of ineffective assistance of counsel.

Respondent's Exhibit 146, pp. 29-32.

None of the first three assignments of error corresponded to claims raised in the Amended PCR Petition. *See* Respondent's Exhibit 120. In his Amended PCR Petition, Petitioner alleged that trial counsel failed to present forensic testimony, alert the trial court that a piece of evidence had been changed, present testimony from a medical expert, move for a mistrial during closing argument, and object or move for a mistrial in response to the State's offer of certain physical evidence concerning one of the victims. *Id* at 6-8. ORAP 5.45(1) required Petitioner to preserve his assignments of error on appeal by first raising them during his PCR proceedings. Because he did not do so, they were unpreserved for appellate review.

Petitioner apparently recognized this procedural problem with at least two of his assignments of error when he asked the Oregon Court of Appeals to review them under Oregon's "plain error" procedure because they constituted "error apparent on the face of the record." Respondent's Exhibit 146, pp. 29-30. ORAP 5.45(1) provides a mechanism whereby the Oregon Court of Appeals can consider unpreserved errors of law which are "obvious" and "not reasonably in dispute." *Ailes v. Portland Meadows, Inc.*, 312 Or. 376, 381, 823 P.2d 956 (1991). Oregon law

specifically requires an appellate court exercising its discretion to review an unpreserved claim as plain error to exercise the "utmost caution" in doing so and to "*expressly* follow[] the prescribed method of recognizing unpreserved or unraised error" by specifically describing why the assignment of error satisfies the "plain error" exception. *Id.* at 382, (italics in original). Because the Oregon Court of Appeals affirmed the PCR court's decision without issuing a written opinion, it did not identify any of Petitioner's claims as meeting the "plain error" exception and, thus, could not have considered the merits of those claims.[5] Because Petitioner presented the claims to the Oregon Court of Appeals in a procedural context in which the merits were not considered, he failed to fairly present them and they are now procedurally defaulted.

With respect to Petitioner's fourth claim that the PCR court erred by not including additional claims of ineffective assistance of counsel, he was effectively assigning error to the PCR court's denial of his *Church* motion. Alleged errors in the state post-conviction review process are not addressable as independent grounds for relief through habeas corpus petitions. *Ortiz v. Stewart*, 149 F.3d 923, 939 (1998), *cert. denied* 526 U.S. 1123 (1999); *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989). Moreover, Petitioner's inclusion of claims in his *Church* motion did not present the substance of those claims to Oregon's courts for consideration and, instead, only placed at issue the question of whether PCR counsel was acting reasonably. *See Bogle v. State,* 363 Or. 455, 471 (2018). In short, none of Petitioner's claims are properly before this Court for a merits determination. Even if they were, the Court has reviewed

---

[5] The notion that Petitioner's claims amounted to "plain error" is also belied by the fact that his appointed attorney could not find a single arguable claim to present and, therefore, filed the PCR Appellant's Brief pursuant to *Balfour*.

the record and concludes that even if there were no procedural deficiencies preventing it from reaching the merits of Petitioner's federal claims, he would not be entitled to relief.[6]

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#57) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

November 15, 2024
DATE

Michael H. Simon
United States District Judge

---

[6] Petitioner's claims largely focus on errors of state law and, even if he had a federal basis for such a challenge, the underlying decisions by Oregon's state courts on issues of state law are unreviewable in a federal habeas corpus action. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Floyd v. Filson*, 949 F.3d 1128, 1146 (9th Cir. 2020) (even a state court's misreading of state law is not a ground for habeas corpus relief).